**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000831
11-OCT-2024
08:54 AM
Dkt. 194 ORD**

NO. CAAP-17-0000831


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


TITLE GUARANTY ESCROW SERVICES, INC., Plaintiff-Appellee/
Cross-Appellee v. MILILANI TOWN ASSOCIATION, Defendant/Cross-
Claim Plaintiff/Cross-Claim Defendant-Appellee/Cross-Appellant,
and SVMM INVESTMENTS LLC, Defendant/Cross-Claim Defendant/
Cross-Claim Plaintiff-Appellee/Cross-Appellee, and
MAXIMUM LEGAL SERVICES CORPORATION, as Successor Personal
Representative of the Estate of Pauline Isaacs-Lean,
Defendant/Cross-Claim Defendant-Appellant/Cross-Appellee, and
FIRST HAWAIIAN BANK, Defendant/Cross-Claim Defendant-
Appellee/Cross-Appellee, and
DOE PERSONS AND ENTITIES 1-10, Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 15-1-1750)


ORDER
(By: Wadsworth, Presiding Judge, McCullen, J., and
Circuit Court Judge Nakamoto, in place of
Leonard, Acting Chief Judge, Hiraoka and Nakasone, JJ., recused)

Upon consideration of Defendant/Cross-Claim Defendant-

Appellant/Cross-Appellee Maximum Legal Services Corporation's

(**Max Corp**) September 30, 2024 **"Motion:** (1) to Extend Time of

Remand of this Matter to the Circuit Court for the Limited Purpose of Determining Whether the Settlements are Good Faith Settlements Pursuant to [Hawaiʻi Revised Statutes (**HRS**)] Chapter 663; and (2) to Extend the Stay of Entry of the Judgment on Appeal," the papers in support, the record, and noting no opposition it appears that:

(1) This court entered its memorandum opinion in this case on April 17, 2024;

(2) On May 22, 2024, Max Corp moved this court to refer this case to mediation and stay entry of judgment on appeal to allow mediation;

(3) In late July 2024, Max Corp and **SVMM** Investments LLC reached a settlement;

(4) On August 2, 2024, Max Corp moved to temporarily remand this case to circuit court to determine whether there was a good faith settlement in the case pursuant to HRS Chapter 663;

(5) On August 5, 2024, this court entered an order granting Max Corp's request to postpone entry of judgment on appeal for 60 days, requiring a motion to be filed detailing "the status of mediation and any other efforts to resolve the matter" if additional time was needed, and denying all other requests in the motion;

(6) On September 10, 2024, this court entered an order for temporary remand requiring the circuit court to hold a

2

hearing within 30 days to determine if there was a good faith settlement and enter findings and file a supplemental record on appeal within 35 days;

(7) The order for temporary remand also stated jurisdiction would revert to this court upon the filing of the supplemental record on appeal, and if a party moved to extend the temporary remand period their motion must explain why they were requesting the extension, and indicate the amount of time needed to decide the settlement issue;

(8) On September 10, 2024, Max Corp and Mililani Town **Association** reached a settlement;

(9) On September 30, 2024, Max Corp filed its Motion requesting this court extend the temporary remand period to allow the circuit court to determine whether the settlement between it and Association is a good faith settlement, extend the stay of the entry of judgment on appeal, and enter an order allowing the parties to dismiss the appeal;

(10) Max Corp filed copies of "Confidential Settlement Term Sheet[s]" for each settlement as appendices to its Motion, noting each settlement is "conditioned on: (1) the Circuit Court finding and determining that the settlement is a good faith settlement pursuant to [HRS] Chapter 663[,] and the Probate Court approving the two settlements";

(11) On October 8, 2024, Max Corp filed a supplemental declaration of counsel noting Max Corp was preparing a motion for approval of both settlements which it intended to file in the probate court and filed a "Confidential Settlement Term Sheet" signed by it and Association as an exhibit to the supplemental declaration of counsel;

(12) Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 36 requires that an appellate court rendering a decision in an appeal, "shall prepare and submit to the appellate clerk for filing the judgment on appeal" after a "final decision, other than an order of dismissal, has been filed in an appeal";

(13) This court "may suspend the requirements or provisions of any of these rules in a particular case on application of a party . . . and may order proceedings in accordance with its direction[,]" for good cause shown following HRAP Rule 2; and

(14) As the Motion detailed the status of mediation in the case and noted the efforts used to "resolve the matter" following this court's previous orders in this case, and the law favors settlements and their finality, Max Corp demonstrated good cause for suspending requirements outlined in the appellate

rules, see HRAP Rule 2, Dowsett v. Cashman, 2 Haw. App. 77, 82, 625 P.2d 1064, 1068 (1981);

Therefore, IT IS ORDERED as follows:

(1)  The request for an extension of time to allow the circuit court to determine whether the settlement between Max Corp and Association was made in good faith and to allow Max Corp to file a petition in probate court to obtain an order from the probate court approving the settlement between Max Corp and SVMM and Max Corp and Association, is granted for a period of thirty (30) days from the date of this order;

(2)  Within thirty-five (35) days from the date of this order, the circuit court clerk shall file in this court a supplemental record on appeal that includes the circuit court's determination regarding the issue set forth in paragraph 1;

(3)  Within thirty-five (35) days from the date of this order, the circuit court clerk shall also file a copy of the probate court's order in this case regarding the issue set forth in paragraph 1, provided a petition to obtain an order approving the settlements as set forth in paragraph 1 has been filed in probate court;

(4)  Jurisdiction shall automatically revert to this court thirty-six days from the date of this order;

(5)  In the event the circuit court and/or probate court are unable to enter the order approving the settlements as

set forth above, the circuit court clerk, shall file a notice in this case providing an explanation;

(6) In the event any party desires to extend the temporary remand period the party may file a motion to extend, which shall explain the reasons for the requested extension that is supported by declarations as appropriate;

(7) The appellate clerk shall serve a copy of this order on the circuit court clerk who shall provide a copy to the presiding circuit court judge and probate court judge, respectively;

(8) The request to extend the stay of the entry of the judgment on appeal is granted from October 4, 2024 until forty (40) days from the date of this order; and

(9) All other requests are denied.

DATED:  Honolulu, Hawaiʻi, October 11, 2024.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Henry T. Nakamoto
Circuit Court Judge